**Robert Patrick POWELL,**
**Plaintiff-Appellant,**

v.

**James SPALDING & Slade Gorton,**
**Defendants-Appellees.**

**No. 81–3463.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 31, 1982.

Decided June 8, 1982.

Rehearing Denied July 6, 1982.

Robert Patrick Powell, pro se.

Michael P. Lynch, Asst. Atty. Gen., Olympia, Wash., for defendants-appellees.

Before GOODWIN, SKOPIL, and FARRIS, Circuit Judges.

SKOPIL, Circuit Judge:

The panel has unanimously agreed that this case may be submitted without oral argument. See Fed.R.App.P. 34(a).

Robert Patrick Powell, a Washington state prisoner, appeals the denial of his petition for a writ of habeas corpus. He contends that the state trial court erred in allowing the jury to separate overnight without his personal knowledge or consent and that he was denied his sixth amendment right to the effective assistance of counsel. We reject both contentions. We do not reach the issue whether the trial court improperly communicated with the jury while Powell was not present because we conclude that the district court properly refused to allow Powell to amend his petition to include that issue. Accordingly, we affirm the denial of the writ of habeas corpus.

I

Background

Powell was tried in Washington state court and convicted by a jury of murder. His conviction was affirmed on appeal. The Washington appellate courts denied two postconviction personal restraint petitions before Powell filed his petition in federal court for a writ of habeas corpus.

Powell contended in his original federal habeas petition that: (1) the trial court improperly allowed the jury to separate overnight without Powell's knowledge or consent; (2) the trial court improperly refused to give four requested instructions;

(3) the trial court improperly admitted hearsay testimony; and (4) he was denied effective assistance of counsel. Powell exhausted state remedies as to each of these issues by raising them before the Washington Supreme Court on direct appeal or on review of Powell's postconviction petitions.

In a memorandum submitted after the State filed its return and answer to his federal habeas corpus petition, Powell sought to raise a new issue—that the trial court had improperly communicated with the jury when Powell had not been present and that Powell's counsel could not waive Powell's right to be present. The magistrate determined that the record did not demonstrate that Powell had ever raised the issue in state court.

The magistrate noted in his report and recommendation that Powell had exhausted state remedies on the four issues in his original petition but not on the fifth issue he raised later. The magistrate acknowledged that *Gonzales v. Stone*, 546 F.2d 807, 810 (9th Cir. 1976), ordinarily requires a district court to dismiss a habeas corpus petition that contains both exhausted and unexhausted issues. To avoid an unnecessary dismissal, the magistrate recommended that the court consider only the petition as it was originally submitted, and thus reach the merits of the exhausted issues. The magistrate proceeded to reject all four issues on the merits and recommended that the petition be denied.

The district court adopted the magistrate's report and recommendation and denied the petition. The court denied Powell's motion for reconsideration but granted a certificate of probable cause to appeal.

On appeal, Powell raises only the jury separation and ineffective counsel issues from his original petition. Powell also argues on appeal the right-to-be-present issue, which the district court refused to reach.

## II
### Issues Properly Presented

We construe Powell's arguments on the merits of the right-to-be-present issue as an argument that the district court abused its discretion in refusing to accept his amendment. We disagree.

The district court adopted the magistrate's recommendation that the four exhausted issues raised in the original petition be considered on the merits and that the fifth unexhausted issue raised later not be addressed. The magistrate correctly reasoned that the addition of what he found to be an unexhausted fifth issue[1] would require dismissal under *Gonzales v. Stone*, 546 F.2d at 810. *Accord, Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). After the district court entered its judgment, the Supreme Court decided *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), which upheld the *Gonzales* rule requiring a district court to dismiss a habeas corpus petition that contains both unexhausted and exhausted claims.[2]

1. Although the State in its brief on this appeal asserts that Powell has failed to raise the right-to-be-present issue in the state courts, Powell includes in his reply brief a copy of the State's response to his third personal restraint petition in state court, apparently filed after he filed his federal habeas petition in district court. In that response, the State asserts that Powell had already raised and the state courts had already rejected the issue. Moreover, the State requests in that document an order directing Powell to stop filing such petitions without prior court approval.

   Needless to say, we are disturbed by the suggestion that, as to the identical issue, the State would argue in federal court that Powell has not yet exhausted state remedies and in

state court that Powell has exhausted remedies and should be barred from raising the issue again. Even so, because the record before the magistrate did not demonstrate clearly that Powell had exhausted state remedies on the fifth issue, the magistrate did not err in refusing to consider that issue. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam).

   We would expect the State to explain its actions in the event that Powell files a new federal petition raising the right-to-be-present issue.

2. In *Rose v. Lundy*, the Court noted that after the district court dismisses a habeas corpus petition that contains both unexhausted and exhausted issues, the petitioner would have the

Here, however, Powell filed a petition containing only exhausted issues. The magistrate did not abuse his discretion in refusing to allow amendment of the petition to include the unexhausted issue. The State had already filed its return and answer and the magistrate had undoubtedly invested considerable time in treating the original petition. Moreover, an amendment would have required the magistrate to recommend that the petition be dismissed without reaching the merits.

We therefore conclude that we may properly reach only the issues presented in Powell's original petition.

### III

### Jury Separation

■ Powell alleges that the jury reported to the trial judge that it was divided eight to four in favor of a guilty verdict. After deliberating another 45 minutes, the jury was recalled by the judge and reported that it was split ten to two in favor of a guilty verdict. With the consent of Powell's attorney (but not of Powell, who was not present), the judge permitted the jury to separate for the night and reconvene the following day. The jury returned a guilty verdict the next day.

■ Powell contends that under Wash. Rev.Code § 10.49.110 (recodified as Wash. Super.Ct.Crim.R. 6.7), the judge committed reversible error by allowing the jury to

choice of: (1) resubmitting an amended petition containing only exhausted issues; or (2) exhausting available state remedies on the unexhausted issues and refiling the petition in federal court. 102 S.Ct. at 1204. Three Justices joined that portion of Justice O'Connor's opinion suggesting in dictum that a petitioner who resubmitted an amended petition might risk having a subsequent petition raising the previously unexhausted issues dismissed for abuse of the writ. *Id.* at 1204–05.

Although any question regarding Powell's abuse of the writ would be directly addressed if and when Powell files a second petition, Powell's attempt to amend his petition (which negates any inference that Powell was deliberately withholding the issue) and the State's apparent assertion of inconsistent positions regarding exhaustion, see note 1 *supra,* convinces us that Powell would not be barred by the abuse-of-the-writ doctrine from raising the issue in a subsequent federal habeas petition in which he

separate overnight without Powell's personal consent.[3] Even if the trial court violated state law, however, Powell is not necessarily entitled to federal habeas corpus relief. Such relief is available only when the violation of state law renders the trial so arbitrary and fundamentally unfair that it constitutes a violation of federal due process. *Cooks v. Spalding,* 660 F.2d 738, 739 (9th Cir. 1981) (per curiam); *Hines v. Enomoto,* 658 F.2d 667, 672 (9th Cir. 1981).

Powell has not shown that the trial court's decision to allow the jury to separate was fundamentally unfair. He does not even show that the trial court abused its wide discretion in separating the jury, the standard applicable in reviewing federal criminal appeals. *United States v. Eldred,* 588 F.2d 746, 752 (9th Cir. 1978); *United States v. Eskridge,* 456 F.2d 1202 (9th Cir.), *cert. denied,* 409 U.S. 883, 93 S.Ct. 171, 34 L.Ed.2d 138 (1972).

Finally, Powell has not demonstrated any prejudice from the jury separation. Indeed, common sense suggests that an overnight separation might have broken an otherwise inexorable march to conviction. Accordingly, the district court properly denied relief on the jury separation ground.

### IV

### Ineffective Assistance of Counsel

■ Powell contends that his counsel was ineffective. In order to prevail, Powell

demonstrates that he has clearly exhausted state remedies.

3. Powell does not assert that the trial court's action violated his federal constitutional rights. Such an argument would, in any event, be fruitless. Federal courts do not require the defendant's consent to separate a jury; the district court has wide discretion to determine whether the jury should be allowed to separate overnight. *E.g., United States v. Eldred,* 588 F.2d 746, 752 (9th Cir. 1978). As the magistrate noted, if it is within the trial court's discretion to permit the jury to separate, even over objection, there can be no constitutional right to sequestration. The Fifth Circuit, the only circuit that has explicitly reached the issue, held that there is no constitutional right to sequestration. *Young v. Alabama,* 443 F.2d 854, 856 (5th Cir. 1971), *cert. denied,* 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1972).

must show that his counsel failed to exercise the skill, judgment, and diligence of a reasonably competent attorney and that the challenged acts and omissions by counsel prejudiced Powell. *Cooper v. Fitzharris*, 586 F.2d 1325, 1329–30 (9th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979).

In the district court, Powell challenged his attorney's actions in: (1) allowing the jury to separate; (2) failing to move to strike testimony; (3) failing to move to have the jury reinstructed after they submitted a question; and (4) failing to move for a mistrial. On appeal, Powell bases his ineffectiveness claim on an entirely different set of actions. This court cannot consider facts or issues not presented to the district court. *E.g., Pfeifer v. United States Bureau of Prisons*, 615 F.2d 873, 877 n.3 (9th Cir.), *cert. denied*, 447 U.S. 908, 100 S.Ct. 2993, 64 L.Ed.2d 858 (1980); *Hines v. Enomoto*, 658 F.2d 667, 676–77 (9th Cir. 1981). Therefore, we review only the four grounds Powell raised below.

As to those grounds, we join the district court in adopting the magistrate's conclusion that Powell has shown neither incompetence nor prejudice under the *Cooper* standard.

### A. Allowing the Jury to Separate

Powell's attorney (Moen) agreed to allow the jury to separate overnight without consulting with Powell. Yet Moen might have prejudiced the jurors against Powell if he had insisted upon sequestration or even had insisted on having the time to consult with Powell whether to insist on sequestration in the face of the trial judge's willingness to allow the jurors to separate overnight. Moreover, as noted earlier, it is unclear in what manner the jury separation prejudiced Powell.

### B. Failing to Move to Strike Testimony

There is no merit to Powell's contention that Moen erred in failing to object to testimony by three witnesses as hearsay, prepared, and speculative. Moen vigorously cross-examined each witness and interposed timely objections when the prosecutor's questions might have elicited inadmissible responses. Moreover, the trial judge commended Moen for his excellent job of representation, noting that he had done everything he could for Powell.

### C. Failing to Move to Have the Jury Reinstructed

Powell contends that Moen improperly failed to move to have the jury reinstructed after the jury requested additional information. It is difficult to gauge the significance of Powell's allegation because no transcript was made of the jury's question. In any event, Powell has not shown any prejudice resulting from the failure to move to have the jury reinstructed. Indeed, the jury had two sets of written instructions available during deliberations.

### D. Failing to Move for Mistrial

Powell attacks Moen's failure to move for a mistrial after the jury allegedly twice informed the judge that it was divided. The jury retired to deliberate at 11:40 a.m. The jury apparently reported at 9:30 p.m. that it was divided 8 to 4 in favor of a guilty verdict and at 10:15 p.m. that it was divided 10 to 2 in favor of a guilty verdict.

Even assuming arguendo that Powell's counsel incorrectly failed to move for a mistrial, Powell was not prejudiced. It is almost inconceivable that the judge would have granted a mistrial motion when the jury had deliberated such a relatively short time (twelve hours less two meal breaks) in a first-degree murder case. In addition, the jury was not hopelessly deadlocked; it made progress toward a verdict even during the 45 minutes between reported votes.

The judgment is affirmed.