Ronald PENNYWELL,
Petitioner-Appellant,

v.

Ruth RUSHEN, Director, California
Department of Corrections,
Respondent-Appellee.

No. 81–4445.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 8, 1982.

Submitted Nov. 15, 1982.

Decided May 3, 1983.

Gregory L. Hartwell, San Francisco, Cal., for petitioner-appellant.

Michael I. Mintz, Deputy Atty. Gen., San Francisco, Cal., for respondent-appellee.

Before WRIGHT, ANDERSON and CANBY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The government's petition for rehearing is granted. The memorandum decision, filed January 3, 1983, is withdrawn. The suggestion for en banc review has been circulated to all active circuit judges, and none has called for a vote on the en banc suggestion. Review en banc is denied.

The following opinion is the decision of the court after rehearing.

In this appeal from a denial of a habeas corpus petition, we consider whether the failure of California courts to give Pennywell a trial on his insanity plea violated federal due process. We conclude it did not and affirm the district court's judgment.

## FACTS

Pennywell was convicted in 1976 of first degree murder and attempted first degree murder. His conviction was affirmed on direct appeal in 1978. His state habeas corpus petitions were denied in 1980, satisfying the requirement of exhaustion of state remedies.

At his arraignment in state court, Pennywell appeared *pro se* and attempted to plead not guilty and not guilty by reason of temporary insanity. The court informed him that "temporary insanity" was not a plea under California law. When he persisted in the plea, the court on its own motion entered pleas of not guilty and not guilty by reason of insanity (NGI).

That proceeding before one superior court judge was followed by a suppression hearing before a second judge who may or may not have been aware of the NGI plea. At this latter hearing, on *voir dire,* during empanelling of the jury and at sentencing, the court referred to the plea as not guilty.

No evidence was introduced at trial on the NGI plea. Neither Pennywell nor his appointed counsel objected to the court's characterization of the plea as not guilty or the failure of the court to dispose of the NGI plea on the record.

## DISCUSSION

■ Pennywell argues that the failure of the court to dispose of his NGI plea violated his federal right to a trial by jury. This argument rests on California's bifurcated trial system, which mandates separate jury trials on the issues of guilt and sanity. Cal. Penal Code § 1026. Once a valid NGI plea has been entered, a determination of the defendant's sanity must be made prior to sentencing. *People v. Lyons,* 18 Cal.App.3d 760, 96 Cal.Rptr. 76, 90 (App.1971).

■ We interpret Pennywell's petition as a due process claim rather than a Sixth Amendment jury trial claim.[1] He argues that California failed to follow its own procedures regarding NGI pleas. Having alleged an error of state law, he must show that that error rendered the trial so "arbitrary and fundamentally unfair" that it violated federal due process. *Powell v. Spalding,* 679 F.2d 163, 166 (9th Cir.1982).

Our review of the record convinces us that the court did not err by failing to accord Pennywell a trial on the insanity plea. Even if there were error, Pennywell has not demonstrated that it rendered the trial "arbitrary" or "fundamentally unfair."

■ In California, criminal pleas must be entered personally by defendants. Cal. Penal Code § 1018. When faced with an uncooperative or obstreperous defendant, a court's only power is to enter a plea of not guilty. Cal. Penal Code § 1024. When it enters an NGI plea on its own motion, as it did here, the plea is invalid. *See People v. Vanley,* 41 Cal.App.3d 846, 116 Cal.Rptr. 446, 452 (App.1974).

■ Pennywell relies on *People v. Blye,* 233 Cal.App.2d 143, 43 Cal.Rptr. 231 (1965), and argues that he should be allowed to rely on the invalidly entered plea. In *Blye,* the court, after conferring with counsel, entered an NGI plea for an escapee of a mental institution who freely admitted the crimes with which he was charged. In that situation, the defendant had a right to the continuation of the formally entered plea. *Id.* 43 Cal.Rptr. at 233.

The unique circumstances that warranted continuation of the plea in *Blye* are lacking here. Pennywell initially represented himself and demonstrated familiarity with the law. Unlike the defendant in *Blye,* he was obviously capable of entering and understanding an NGI plea. Nonetheless, he refused to enter such a plea even after the arraigning judge explained it to him. The state trial judge committed no error by disregarding the invalidly entered plea.

■ Even if it was erroneous under state law not to give Pennywell a trial on his NGI plea, Pennywell has not shown that such error violated due process. Although

---

1. Although Pennywell couches his claim in terms of the jury trial right, federal law does not mandate jury consideration of insanity every time an NGI plea is entered. A defendant first must place his sanity in issue by introducing evidence to show that he is not legally responsible for his acts. *United States v. Henderson,* 680 F.2d 659, 661–62 (9th Cir.1982). This Pennywell did not do.

neither Pennywell nor his counsel ever brought the NGI plea to the trial court's attention, the record shows that he received full consideration of the facts underlying his insanity claim.

Pennywell alleges that the injection of cocaine and heroin rendered him temporarily insane.[2] The trial court recognized that these assertions raised a diminished capacity defense. It allowed Pennywell to introduce evidence in support of this defense, and it gave his requested diminished capacity instruction.

The jury considered and rejected the allegations behind the "temporary insanity" claim that originally prompted the court to enter an NGI plea. In this situation, we cannot say that the failure to give a separate trial on the NGI plea rendered the trial "arbitrary" or "fundamentally unfair." The district court properly denied Pennywell's petition.

AFFIRMED.

---

**2.** At other stages of his appeals and habeas petitions, Pennywell has alleged that his insani-ty resulted from childhood beatings.