977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger MASTER, Petitioner-Appellant,
v.
Samuel L. LEWIS; Attorney General of the State of Arizona,
Respondent-Appellee.
 No. 91-15496.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 14, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger Master, an Arizona state prisoner, appeals pro se from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 * Master first asserts that he is entitled to habeas relief based on misconduct by the Maricopa County Attorney during his plea proceedings. The relevant inquiry is whether the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986).
 
 
 4
 The Maricopa County Attorney's office was disqualified from participating in Master's criminal proceedings because a former deputy public defender who had become a deputy county attorney had knowledge of the case. The case then was transferred to the Phoenix City Prosecutor's office. The city prosecutor and Master entered into a plea agreement whereby Master agreed to plead guilty to one count of rape in exchange for the dismissal of the remaining charges and a stipulated sentence of 20 years. The Maricopa County Attorney expressed his disapproval of the plea agreement to the city prosecutor, and an employee of the County Attorney's Victim Witness Program expressed her disapproval and the victim's disapproval to the trial court in a letter, which was attached to the presentence report. Subsequently, the trial judge rejected the plea agreement and stated that he did not consider the comments of the members of the County Attorney's office in his decision to reject the plea agreement. The city prosecutor withdrew from the case, and Master was prosecuted by a private attorney who was appointed as counsel for the state. Master subsequently was convicted of three counts of first-degree rape, two counts of first-degree burglary, and one count of lewd and lascivious acts.
 
 
 5
 The County Attorney's conduct did not render Master's criminal proceedings fundamentally unfair. See id. The individuals responsible for the misconduct during the plea proceedings were not involved in the subsequent prosecution of Masters. Furthermore, the trial judge specifically stated that he did not consider the County Attorney's comments in rejecting the plea agreement. We affirm the district court's denial of Master's habeas petition as to this claim.
 
 II
 
 6
 Master next asserts that the trial court erred by failing to obtain a valid waiver of his right to an automatic change of trial judge under Arizona Rule of Criminal Procedure 17.4(g), which provides that "[i]f a plea is withdrawn ..., the judge, upon request of the defendant, shall disqualify himself."
 
 
 7
 After the trial court rejected the plea agreement, the following colloquy took place:
 
 
 8
 MASTER'S COUNSEL: Dennis Dairman with the defendant. I have explained to the defendant that it is the Court's intention not to accept the plea agreement. And I have advised my client it is my recommendation that he proceed to disqualify the Court and proceed for [sic] another Judge.
 
 
 9
 And my client advised me no, he desires to go to trial and does not wish to follow my recommendations, and we have--I believe the last day for trial is June 11.
 
 
 10
 THE COURT: So you wish the matter sent out to another court?
 
 
 11
 MASTER'S COUNSEL: No, my client doesn't want that to occur and he wants to go to trial as soon as possible, June 11.
 
 
 12
 THE COURT: You understand you have a right to another Judge if you wish to exercise it?
 
 
 13
 MASTER: Yes.
 
 
 14
 THE COURT: You understand that?
 
 
 15
 MASTER: Yes.
 
 
 16
 THE COURT: [Let] the record reflect, as I have informed counsel, that the plea agreement tendered to the Court is rejected.
 
 
 17
 Federal habeas relief is not available for violations of state law unless the error was so arbitrary or prejudicial as to render the trial fundamentally unfair. Middletown v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir.1983). Here, Master waived his right to have a change of trial judge, and Rule 17.4(g) was not violated. Moreover, even if there were an error, Master's allegations do not suggest that the error rendered his trial fundamentally unfair. He is not entitled to federal habeas relief on this claim.
 
 III
 
 18
 Master next contends that the trial court erred by admitting into evidence his fingerprints, which he alleges were the fruit of an illegal arrest. Master's trial attorney moved to suppress the fingerprints at trial and challenged the admission of the evidence on direct appeal.
 
 
 19
 In Stone v. Powell, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). Master had a full and fair opportunity to present his fourth amendment claim in state court, and consequently he may not raise the claims in a federal habeas petition. Id.; Terrovona v. Kincheloe, 912 F.2d 1176, 1177-79 (9th Cir.1990), cert. denied, 111 S.Ct. 1631 (1991).
 
 IV
 
 20
 Master also argues that the trial court was biased and prejudiced against him as the result of the court's reading the presentence report following his initial guilty plea. This argument is raised for the first time on appeal; it was not presented to the district court on habeas, nor was it raised in either the state trial court or court of appeals.
 
 
 21
 In reviewing a denial of a § 2254 petition for writ of habeas corpus, we need not consider facts or issues not presented to the district court. See Prantil v. California, 843 F.2d 314, 317 (9th Cir.1988) and Powell v. Spalding, 679 F.2d 163, 167 (9th Cir.1982).
 
 V
 
 22
 Master's final claim is that the district court erred by failing to consider his constitutional arguments cumulatively. This claim, like the "bias and prejudice" claim, was never asserted in the district court.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3