981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence L. SHULTS, Petitioner-Appellant,
v.
Harol L. WHITLEY, et al., Respondents-Appellees.
 No. 91-16900.
 nited States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1992.*
Decided Dec. 23, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence L. Shults appeals the district court's denial of his petition for a writ of habeas corpus. Shults was convicted on January 3, 1978, of first degree murder of William Singley and sentenced to life imprisonment without possibility of parole. The evidence showed that Shults--together with his wife, Norma Shults ("Norma"), Singley, and George Janicek--had been charged with robbery of a Montgomery Ward store in Colorado in May 1975. After Shults learned that Singley was giving information to the government in connection with the Colorado robbery, Shults killed Singley with a shotgun and buried him in the Nevada desert.
 
 
 3
 Shults's conviction was affirmed on direct appeal and his state motion for post-conviction relief was denied. He filed the instant habeas petition on August 13, 1988, setting forth numerous state and federal grounds for relief. The district court denied the petition on September 11, 1991, and this appeal followed. The district court declined to issue a certificate of probable cause; this court issued a certificate of probable cause on March 2, 1992.
 
 
 4
 A district court's decision whether to grant a writ of habeas corpus is reviewed de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we affirm.[1]
 
 
 5
 * Shults raises several challenges to evidentiary rulings at trial. "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." Townsend v. Sain, 372 U.S. 293, 312 (1963). We have held that "failure to comply with [a] state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief." Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir.1991). A habeas petitioner must show that an error of state law "rendered the trial so 'arbitrary and fundamentally unfair' that it violated federal due process." Pennywell v. Rushen, 705 F.2d 355, 357 (9th Cir.1983).
 
 
 6
 Shults primarily raises state law evidentiary claims. He contends that evidence of his escapes from prison was improperly admitted to show consciousness of guilt, that evidence of the details of the Colorado robbery was improperly admitted to show motive, that photographs of the body of the murder victim were improperly admitted, and that Shults's motion to suppress the testimony of a jailhouse informant should have been granted. Because none of these alleged errors rendered his trial "so 'arbitrary and fundamentally unfair' that it violated federal due process," id., the district court correctly concluded that these claims do not raise issues of constitutional proportion which are cognizable in a federal habeas proceeding.
 
 
 7
 One of Shults's claims is of constitutional dimension. He argues that testimony of Officer Charles Woodworth and Detective Earl Aldrich, that they discovered the location of Singley's body after a conversation with Norma, violated his Sixth Amendment right to confront witnesses. Because no statement or testimony of Norma was admitted at trial, Norma was not a witness against Shults and Shults's Confrontation Clause rights were not infringed. Shults also contends that the Woodworth and Aldrich testimony violated the marital privilege and was hearsay; these are state law claims which fail because they raise no constitutional issue cognizable on habeas review.
 
 II
 
 8
 Shults argues that failure to grant certain discovery requests was erroneous. He claims that the prosecution should have produced evidence of his confession to Vicki Ritter, because it constituted a "statement" by Shults of which the prosecution was aware; that the trial court erred in denying his request for production of a government witness list and a list of Shults's prior convictions of which the prosecution was aware; and that the trial court erred in denying his request for production of evidence of cooperation between Colorado and Nevada authorities in the prosecution of this case.
 
 
 9
 None of these discovery claims raises a constitutional claim cognizable in this habeas corpus proceeding. See Townsend. Shults has not shown that the prosecution suppressed any evidence favorable to him which it would be required to produce under Brady v. Maryland, 373 U.S. 83, 87 (1963). Although Vicki Ritter testified at trial and was cross-examined by Shults's counsel, Shults also argues that the failure of the government to produce Shults's confession to Ritter denied him effective cross-examination in violation of the Confrontation Clause. In the absence of any indication that cross-examination was ineffective, this claim fails.
 
 III
 
 10
 Shults also challenges the trial court's failure to give several requested jury instructions. First, he argues that the court should have given an instruction that Shults's identity had to be established beyond a reasonable doubt. However, the trial court gave the following instruction:
 
 
 11
 The burden rests upon the prosecution to establish every material element of the crime with which the defendant is charged and every element of the crime must be established beyond a reasonable doubt.
 
 
 12
 This general reasonable doubt instruction is sufficient to satisfy due process. Henderson v. Kibbe, 431 U.S. 145 (1977); see also Prantil v. California, 843 F.2d 314, 317 (9th Cir.) (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)), cert. denied, 488 U.S. 861 (1988).
 
 
 13
 Shults contends that the trial court should also have instructed the jury that Shults's admissions and confessions should be viewed with caution. The trial court gave a comprehensive instruction regarding the proper weight to accord to witnesses' testimony, and its failure to give Shults's instruction did not deprive him of his right to a fair trial. Henderson, 431 U.S. at 154.
 
 IV
 
 14
 Shults alleges prosecutorial misconduct, particularly on account of the prosecutor's stating in closing argument: "And I honestly believe ... that justice requires that Lawrence Shults be found guilty of first degree murder." Although this comment was not proper, neither it nor any other remark was so prejudicial in the context of overwhelming evidence of Shults's guilt (including his own admissions) as to render the entire trial fundamentally unfair.
 
 V
 
 15
 Shults argues that evidence of the identity of the victim and of Shults's malice was insufficient for him to be found guilty beyond a reasonable doubt. In addition to Shults's own statements about Singley, there was expert testimony that dental x-rays from the body and an earlier x-ray of Singley were the same. We conclude that the evidence was sufficient for a rational trier of fact to find that Shults was guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 VI
 
 16
 Shults's final contention is that cumulative error at trial justifies the grant of a writ of habeas corpus. Because we find no constitutional error, this claim fails.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Shults's claim that his petition should be granted because the trial court declined to give Shults's requested jury instruction that no inference should be drawn from his failure to testify is addressed in a per curiam opinion filed concurrently with this memorandum disposition