124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard M. FORD, Petitioner-Appellant,
v.
Samuel LEWIS, Director of the Arizona Department of
Corrections; Arizona Attorney General,
Respondents-Appellees.
 No. 95-16305.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 5, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-94-01092-RCB; Robert C. Broomfield, District Judge, Presiding.
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 ORDER
 
 1
 The memorandum disposition filed by this court on February 6, 1997, is withdrawn, and the attached memorandum disposition is substituted therefor.
 
 
 2
 With that substitution, the panel has voted to deny both petitions for rehearing. Judges Hawkins and Tashima have voted to reject the respondents' suggestion for rehearing en banc, and Judge Canby has recommended rejection of the suggestion.
 
 
 3
 The substituted memorandum disposition has been distributed to the full court, and no judge has called for a vote to rehear this matter en banc.
 
 
 4
 The petitions for rehearing are DENIED, and the suggestion for rehearing en banc is REJECTED.
 
 
 5
 MEMORANDUM*
 
 
 6
 Richard M. Ford, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. He contends the district court erred when it dismissed his petition as procedurally barred and denied him leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We affirm in part, vacate in part and remand.
 
 A. Background
 
 7
 In 1971, Ford was convicted of first degree murder after the jury rejected his alibi defense. The Arizona Supreme Court affirmed his conviction in 1972. State v. Ford, 499 P.2d 699 (Ariz.1972) (en banc). In 1977, Ford filed a state petition for post-conviction relief based on counsel's failure to discuss or investigate lesser included offenses. In 1978, Ford's petition was dismissed without a hearing. After his motion for rehearing was denied, Ford did not petition for review.
 
 
 8
 In 1985, Ford filed another state post-conviction petition, this time raising an insanity claim. Both his petition and his motion for rehearing were denied. It is unclear whether Ford petitioned for review.
 
 
 9
 On June 1, 1994, Ford filed his section 2254 petition, which raised one claim--counsel was ineffective because he failed to discuss or investigate lesser included offenses. The State moved to dismiss the petition as procedurally barred. Ford moved to stay federal proceedings or dismiss his petition without prejudice so that he could exhaust further, unspecified claims in state court. The magistrate judge recommended that Ford's petition be dismissed as procedurally barred. The magistrate judge also recommended denial of the stay, because any new claims that Ford sought to exhaust would be untimely in state collateral proceedings.
 
 
 10
 When Ford filed his objections to the magistrate judge's recommendation, Ford asked the district court to grant him relief and excuse his procedural default on the basis of his actual innocence of first degree murder or alternatively to grant him leave to amend his petition to include nine additional claims. Concluding that Ford's claims were now barred in state court, the district court denied Ford's motion to stay federal proceedings or dismiss his petition without prejudice, adopted the magistrate judge's recommendation, and dismissed Ford's petition as procedurally barred. The district court did not specifically rule on the motion to amend.
 
 B. Ineffective Assistance Claim
 
 11
 We affirm the denial of Ford's claim of ineffective assistance of counsel. The district court held that the claim was no longer open to collateral review in state court, and therefore was defaulted for failure to appeal the post-conviction trial court's judgment.
 
 
 12
 We have recently certified to the Arizona Supreme Court the question of whether a petitioner who has failed to seek appellate review of a denial of relief by a post-conviction state trial court may still be eligible for relief in state collateral proceedings pursuant to Ariz. R.Crim. P. 32.2(f). See Binford v. Rhode, 116 F.3d 396, (9th Cir.1997). Accordingly, there may be a question whether Ford's ineffective assistance claim is fully exhausted.
 
 
 13
 We need not await the response of the Arizona Supreme Court to our certification in Binford, however, because we conclude that Ford's appeal on this claim is substantively without merit. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987) (appellate court may forego requirement of exhaustion when claim is without merit). Ford's ineffective assistance claim is directed to the failure of his trial attorney to investigate and present at his trial the possibility of conviction for the lesser-included offense of manslaughter. As the state post-conviction trial court pointed out, however, Ford's defense was that he had nothing to do with the victim's death; he presented a defense of alibi. There were no witnesses to the crime; Ford's alibi defense was a reasonable trial tactic. We will not second-guess that reasonable decision. See United States v. Layton, 855 F.2d 1388, 1420 (9th Cir.1988). Ford's defense of alibi necessarily offered no evidence to support a charge of the lesser-included offense of manslaughter, and there was no other such evidence in the record.
 
 
 14
 Accordingly, we affirm the district court's judgment insofar as it denies relief on Ford's ineffective assistance claim.
 
 C. Leave to Amend
 
 15
 Ford's request to the magistrate judge for a stay to permit exhaustion of unspecified additional claims was based, as has now become apparent, on his mistaken belief that claims rejected by the state courts on direct appeal could not be raised in federal court unless they had also been exhausted in state post-conviction proceedings. Ford did not identify his additional claims to the magistrate judge, who recommended denial of the stay because he concluded that collateral relief was not available in state court at this late date. It is clear from Ford's motion, however, that the purpose of the stay and the exhaustion was to permit, ultimately, the claims to be added to the pending petition. When Ford's motion for stay is interpreted liberally, which it must be as a pro se pleading, see Maleng v. Cook, 490 U.S. 488, 493 (1989), it may be viewed as including a request to amend, albeit after an unnecessary exhaustion.
 
 
 16
 In his objections to the report of the magistrate judge, Ford specified his additional claims, and requested leave to amend in order to add them to the petition. The district court did not rule expressly on that request for leave to amend, presumably because it deemed those claims to be the ones that Ford had conceded to be unexhausted and for which he had requested a stay. The district court denied the stay on the ground that exhaustion in state court would be unavailable on the ground of untimeliness.
 
 
 17
 In actual fact, eight of the nine claims that Ford sought to add to his complaint by amendment had been addressed and rejected by the Supreme Court of Arizona on direct appeal of Ford's conviction. See Ford, 499 P.2d at 703-09. Those claims accordingly are fully exhausted. See Picard v. Connor, 404 U.S. 270, 276 (1971). Because the district court's implicit denial of leave to add these claims was based on their being unexhausted and thus defaulted, we reverse the decision of the district court with regard to those eight claims. We remand for consideration of those claims on their merits.
 
 
 18
 With regard to the unexhausted claim--a challenge to the indictment--we conclude that the district court did not abuse its discretion in denying a stay. The district court ruled that the claim was defaulted because the state would not entertain a petition for collateral relief at this late date. For reasons that we have already explained, we are uncertain whether collateral relief remains available in Arizona when the failure to present the claim was not due to the petitioner's fault, and we have certified that question to the Arizona Supreme Court. See Binford v. Rhode, supra. There are only two possibilities, however. First, it may be that the claim can no longer be brought in Arizona, in which case it is defaulted in the absence of a showing of cause and prejudice, or of a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Ford has not shown cause and prejudice. Nor has he shown a fundamental miscarriage of justice; he has not demonstrated a constitutional violation that "probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Thus, if the claim can no longer be brought in Arizona, the district court did not err in ruling that it was defaulted.
 
 
 19
 The second possibility is that the claim regarding the sufficiency of the indictment can still be brought in Arizona if Ford is able to show that the failure to present it earlier was not due to his fault. If that is the case, then the claim is unexhausted. We have previously upheld a district court's refusal to permit a late, unexhausted claim to be added to a petition containing exhausted claims, because the addition would require dismissal. Powell v. Spalding, 679 F.2d 163, 165-66 (9th Cir.1982). Powell, however, preceded the Supreme Court's decision in McCleskey v. Zant, 499 U.S. 467, 493-94 (1991), which ordinarily prevents a petitioner from presenting in a second habeas corpus petition a claim that was not presented in the petitioner's first petition. After McCleskey, then, the denial of permission to amend to add an unexhausted claim generally means that the claim will not be able to be brought back to the federal court. This fact may often militate against denying a motion to amend to add an unexhausted claim. We conclude that it does not do so here, however, in light of the tenuous nature of Ford's unexhausted claim. Ford contends that the information under which he was tried was insufficient to give him the notice required by the Constitution. See Russell v. United States, 369 U.S. 749 (1962) (indictment must contain elements of crime). The information alleged that on or about October 11, 1970 in the County Of Yuma, Arizona, Ford "did then and there murder Gayla Ruth Figueroa in violation of A.R.S. 13-451, 13-452 and 13-453." Ford complains that this information is not sufficient to apprise him whether he is being charged with first or second degree murder, because it does not refer to an element of premeditation.
 
 
 20
 Russell 's requirement that an indictment give notice of the elements of the offense can be met in a number of ways, however. In Nevius v. Sumner, 852 F.2d 463, 471 (9th Cir.1988), we upheld a murder indictment that did not contain an element of premeditation in part because the indictment referred to the state statutes that defined the crime. See also United States v. Lopez-Alvarez, 970 F.2d 583, 596-97 (9th Cir.1992). The same is true here. We have also held that events prior to or during trial may be sufficient to give notice that may have been imperfectly given in an indictment. See Stephens v. Borg, 59 F.3d 932, 935 (9th Cir.1995); Calderon v. Prunty, 59 F.3d 1005, 1010 (9th Cir.1995).[1] In light of these decisions, and the weakness they suggest in Ford's claim, we conclude that the district court did not err in refusing to grant a stay to permit Ford to exhaust this claim, and in denying implicitly Ford's request for leave to amend to include the unexhausted claim in his petition.
 
 
 21
 On the other hand, our remand of the exhausted claims for consideration on the merits is not inconsistent with Powell, 679 F.2d at 165-66. The addition of exhausted claims will not require dismissal of the petition, and will not nullify any work that the magistrate or district court have already put into their consideration of the petition.
 
 
 22
 Nor is our decision foreclosed by Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir.1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992), in which we held that a district court could properly decline to entertain a new theory of the case first introduced in objections to a magistrate's report. Allowing for Ford's pro se status and the context of a habeas corpus petition, we view Ford's litigating position as consistent before the magistrate and the district judge. Although he was mistaken in believing that eight of his additional claims required exhaustion, he clearly desired the magistrate to recommend a stay so that the exhaustion could occur and the claims be considered in the present petition. He made his desire to amend more explicit before the district judge, but he did not change his theory of the case. His stated desire throughout was to avoid the effects of McCleskey v. Zant, 499 U.S. 467, 493-94 (1991), which might well bar his additional claims if they were not added to his present petition. We conclude, therefore, that Greenhow, like Spalding, does not preclude Ford's amending his petition to add his exhausted claims.
 
 
 23
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this disposition. Each party shall bear their own costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that Ford did exhaust on direct appeal a claim that he should have been given a bill of particulars. His claim was based on the absence of an indication of the means of death of the victim. No claim was made that a bill of particulars was needed to indicate the elements of the crime charged