STATE OF NEBRASKA, APPELLEE, v. STEVEN J. ROBBINS, APPELLANT.

287 N. W. 2d 55

Filed January 3, 1980. No. 42624.

Casey & Elworth, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant was found guilty by a jury on a charge of first degree murder and sentenced to life imprisonment.

On arraignment the defendant stood mute and a plea of not guilty was entered for him. The evi-

dence at trial established that the 21-year-old defendant had been drinking during the day and evening of July 16, 1978. Shortly after midnight the defendant, carrying a gun in his pocket, went to the residence of the victim. There had been previous disagreements between them concerning defendant's alleged involvement with the victim's wife. The defendant was admitted to the house by the victim. The two argued and a fight ensued. Decedent was shot six times and killed. The defendant testified that he shot the decedent once in the chest and he also admitted responsibility for five shots in the back, although he did not recall firing those shots. His asserted justification was self-defense. During the week of trial preceding submission of the cause to the jury, the jury had been permitted to separate for the night after each day of trial. At the conclusion of the trial, the jury was instructed and the case was submitted to the jury at 4:25 p.m., January 22, 1979. The court ordered: "If you do not agree upon a verdict by 5:30 o'clock p.m., you may separate and return for deliberation at 9 o'clock a.m., tomorrow; but in such event you are warned not to discuss the case with any person or with each other until you reconvene."

There is no indication in the record that the court had any discussion with counsel before taking action allowing the jury to separate after the cause was submitted. There was no objection to the action of the court by counsel for the State or counsel for the defendant. After the jury had retired, counsel for the defendant waived his right to be present and poll the jury when it returned its verdict, and the defendant likewise waived those rights.

The jury returned to deliberations on the morning of January 23, 1979, and returned a verdict of guilty of first degree murder at 2:15 p.m., on that date. The defendant raised no issue as to the separation of the

jury after submission until his motion for new trial was filed.

The sole assignment of error on appeal is that the court erred in allowing the jury to separate after the case had been submitted to the jury without the consent of the defendant or his counsel.

Section 29-2022, R. R. S. 1943, is a part of the code of criminal procedure. That section provides: "When a case is finally submitted to the jury, they must be kept together in some convenient place, under the charge of an officer, until they agree upon a verdict or are discharged by the court. The officer having them in charge shall not suffer any communication to be made to them, or make any himself, except to ask them whether they have agreed upon a verdict, unless by order of the court; nor shall he communicate to anyone, before the verdict is delivered, any matter in relation to the state of their deliberations. If the jury are permitted to separate during the trial, they shall be admonished by the court that it is their duty not to converse with or suffer themselves to be addressed by any other person on the subject of the trial, nor to listen to any conversation on the subject; and it is their duty not to form or express an opinion thereon until the cause is finally submitted to them."

This court has consistently held that under the statute the determination of whether or not a jury should be permitted to separate during the trial of a criminal case is left to the discretion of the court. State v. Bautista, 193 Neb. 476, 227 N. W. 2d 835.

This court has also held that under section 29-2022, R. R. S. 1943, after submission of a criminal case to the jury, the defendant has the right to have the jury kept together until they agree upon a verdict or are discharged by the court. Sedlacek v. State, 147 Neb. 834, 25 N. W. 2d 533.

In Sedlacek this court also held that the right to have the jury kept together after final submission of

the case may be waived by specific agreement or consent of counsel for the parties. The court found in that case that the defendant, by the consent of his counsel, which he knew was given, by his silence and acquiescence, and by his failure to raise the question when the court reconvened after separation, waived the right to have the jury kept together.

The difference between the Sedlacek case and the case now before us is that in the present case there was no specific agreement or consent to separation by anyone, unless it can be inferred by a silent record. There was only a failure to object. In effect, the District Court, in ruling on the motion for new trial, found that a failure to object constituted a waiver of the statutory right to have the jury kept together.

Cases dealing with the separation or sequestration of jurors in criminal cases have been numerous. They are collected and annotated at 34 A. L. R. 1115; 79 A. L. R. 821, 21 A. L. R. 2d 1088, and 72 A. L. R. 3d 248. Analysis of the cases is difficult because of the varying statutory provisions and court rules which are applicable. Many cases treat the defendant's right to have the jury sequestered during deliberations as procedural only and take the position that the failure of a defendant to make timely objection to jury separation during deliberations results in a loss of the right.

It seems clear to us that the basic purpose of section 29-2022, R. R. S. 1943, is to preserve the right to a fair trial by shielding the jury from improper contact by others and restricting the opportunities for improper conduct by jurors during the course of their deliberations. While the statute does not create any constitutional right in either the defendant or the State, it is nevertheless directed at the preservation and protection of the fundamental right to a fair trial. That reason alone is sufficient to place the statute in a category beyond that of a mere

procedural right which may be lost by a failure to object. The language of section 29-2022, R. R. S. 1943, is mandatory and places the duty of sequestration directly upon the trial court. As this court pointed out in Sedlacek v. State, *supra*: "The statute requires the nonseparation of the jury after the case is submitted to it as a protection to both the State and the defendant." In the case now before us neither counsel for the State nor counsel for the defendant made any objection at the time the trial court directed the separation of the jury. Neither did counsel for the State nor counsel for the defendant expressly consent or agree to the court's action, which clearly failed to comply with the mandatory language of section 29-2022, R. R. S. 1943. The critical question here is whether the failure to comply with the statute was prejudicial or nonprejudicial, and who has the burden of proving prejudice or lack of prejudice because of the court's failure to comply with the statute.

In those states having a mandatory statutory requirement of sequestration, some take the position that the court may permit the jury to separate or disperse overnight with the consent or agreement of the defendant or of all parties. Other courts hold that the trial court does not have authority to permit the separation of jurors during deliberations even with the consent of the parties. See Annotation, 72 A. L. R. 3d 248, § 7, p. 265.

Sedlacek v. State, *supra,* has previously approved the principle that a defendant may waive the statutorily required sequestration by express agreement or consent. We believe that principle is sound but requires clarification. The trial court may properly permit the separation of the jury in a criminal case after submission of the case to the jury only if the statutory right to nonseparation is waived by the express agreement or consent of counsel for the defendant and counsel for the State. A separation of

the jury after final submission without the consent or agreement of counsel for the State may not be charged as error by a defendant who has consented or agreed to such separation.

Most courts which have considered the issue have held that a failure to comply with the terms of a mandatory sequestration statute, unconsented to by the parties, does not in and of itself constitute reversible error. The critical issue in such cases is whether harm or prejudice has been caused to the defendant by the failure to comply with the statute. Cases which hold that, under mandatory sequestration statutes, the trial court has no authority to permit the separation of jurors during deliberations, even with the consent of the parties, have, in effect, established an irrebuttable presumption of prejudice which constitutes reversible error. At the opposite end of the spectrum are the cases holding that in the absence of objection there is, in effect, an irrebuttable presumption that no prejudice resulted. If prejudice is rebuttably presumed, the burden of proving the absence of prejudice rests on the State. If a lack of prejudice is rebuttably presumed, the burden of proving prejudice rests on the defendant. The general rule is that where a separation of a jury during deliberations in a criminal case is in violation of a statute, or occurs under circumstances which might expose the jurors to improper influence, a presumption of prejudice is created and the burden is placed upon the prosecution to show that no injury resulted. See Annotation, 72 A. L. R. 3d 248, § 2, p. 254, and cases there cited.

In the absence of express agreement or consent by the defendant, a failure to comply with section 29-2022, R. R. S. 1943, by permitting the jurors to separate after submission of the case is erroneous; creates a rebuttable presumption of prejudice; and places the burden upon the prosecution to show that no injury resulted.

Section 29-2022, R. R. S. 1943, is intended to prevent improper contacts or communications with or by the jurors after submission of a criminal case. Separation of the jury overnight without express consent or approval of the parties was the only failure to comply with the statute involved here. Consequently, the issue is whether there was improper contact or communication with or by the jurors during separation which resulted in prejudice to the defendant. Ordinarily, that issue could be established by affidavits or other evidence from the jurors or other persons. In this case the trial court erroneously determined that the defendant had waived compliance with section 29-2022, R. R. S. 1943, by failure to object to separation of the jury, and therefore no evidence was taken at the hearing on the motion for new trial. Neither the defendant nor the State introduced any affidavits or other evidence from jurors or other parties, either to establish or to rebut a presumption of prejudice to the defendant resulting from the failure to comply with section 29-2022, R. R. S. 1943. The sole fact relied upon by the defendant was the failure of the court to comply with the statute. That alone is not enough.

The issues here are a matter of first impression and no hearing was held or evidence presented in this case in accordance with the rules now adopted. We therefore affirm the original conviction and sentence, set aside the order of the District Court overruling the motion for new trial, and remand the cause to the District Court for a hearing on whether there was improper contact or communication with or by the jurors during separation which resulted in prejudice to the defendant.

At such a hearing a juror may testify as to whether extraneous prejudicial information was improperly brought to the juror's attention or whether any outside influence was improperly brought to bear upon any juror. No evidence may be received

as to the effect of any statement upon a juror's mind, its influence one way or another, or the mental processes of a juror in connection therewith. See, § 27-606(2), R. R. S. 1943; Simants v. State, 202 Neb. 828, 277 N. W. 2d 217.

If the District Court determines, after hearing, that there was no improper contact or communication with or by the jurors during separation, and consequently no prejudice to the defendant, the motion for new trial should be overruled. In the event the District Court determines, after hearing, that there was improper contact or communication with or by the jurors during separation, and consequently prejudice to the defendant, the motion for new trial should be granted.

CONVICTION AND SENTENCE AFFIRMED.
CAUSE REMANDED WITH DIRECTIONS.