STATE OF NEBRASKA, APPELLEE, V. STEVEN J. ROBBINS, APPELLANT.

299 N.W.2d 437

Filed December 5, 1980.   No. 43418.

Casey & Elworth for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and FAHRNBRUCH, District Judge.

HASTINGS, J.

This case is appearing before us for the second time. The opinion from the first appeal is found in *State v. Robbins*, 205 Neb. 226, 187 N.W.2d 55 (1980). In that proceeding, the defendant appealed from the order of the District Court which overruled his motion for a new trial after a conviction of first degree murder and a sentence of life imprisonment. The sole assignment of error was that the trial court erred in allowing the jurors to separate after the case had been submitted to the jury without the consent of the defendant or his counsel, contrary to Neb. Rev. Stat. § 29-2022 (Reissue 1979). This court affirmed the conviction and sentence, but set aside the order of the District Court overruling the motion for a new trial. We then ordered the cause remanded to the District Court for a hearing to determine whether there was improper conduct or communication with or by the jurors during separation, resulting in prejudice to the defendant. That court was further directed to either grant or overrule the motion for a new trial, depending upon its further findings.

At the ordered hearing, each juror was interrogated under oath, and they all stated that they remembered the trial judge giving an admonition against communicating with each other or third persons, and to refrain

from exposure to any news account of the trial. All of them stated that they had not violated any of those admonitions.

It developed during the questioning of the jurors that they had all been contacted individually by the county attorney's office in advance of the hearing, and had been asked questions similar to those propounded at the hearing. In addition, immediately following that questioning, they were presented with pre-prepared affidavits, identical in content, which they were asked to and did sign. However, at the hearing, the facts testified to by each juror conformed substantially to those contained in the affidavit.

The defendant assigns as error on this appeal, generally the failure to grant a new trial, and specifically "that the prosecuting attorneys in obtaining affidavits from the jurors destroyed their credibility as witnesses." It seems to be the defendant's position that because the county attorney enjoys a position of power and prestige in the community, it would be impossible or difficult to refuse his request, and, once having signed the affidavit, a juror would not be able to testify to the contrary. Such a position presupposes that the affidavits either were false or were suggestive of the answers which the county attorney desired. Neither hypothesis is supported by the record. Each juror testified that he or she answered the county attorney's questions before being shown the particular affidavit, and that it did reflect the true facts.

There is nothing improper about either party interrogating a witness in advance of a hearing of this nature. Additionally, the obtaining of affidavits from jurors to determine whether there was improper conduct or communication with or by jurors during separation is an acceptable means of obtaining the necessary facts. *State v. Robbins, supra.*

A motion for a new trial for alleged juror misconduct is addressed to the sound discretion of the trial court, and a ruling made thereon will not be disturbed

on appeal unless an abuse of discretion is shown. *State v. Hunt*, 178 Neb. 783, 135 N.W.2d 475 (1965). No such abuse is revealed by the record, and the State has sustained its burden of proof to rebut the presumption of prejudice resulting from the failure of the District Court to comply with § 29-2022. The order and judgment of the trial court are affirmed.

AFFIRMED.