**Wesley KITT, Appellant,**

v.

**Harold CLARKE, Appellee.**

**No. 90–1213NE.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided April 25, 1991.

Robert C. Perry, Indianapolis, Ind., for appellant.

Terri M. Weeks, Lincoln, Neb., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and BATTEY,* District Judge.

MAGILL, Circuit Judge.

Wesley Kitt appeals the district court's[1] dismissal of his petition for a writ of habeas corpus. Kitt argues that he received ineffective assistance of counsel because his court-appointed trial counsel failed to request that the voir dire examination, opening statements and closing arguments be recorded; failed to object to the trial court's decision to allow the jury to separate during deliberation; and failed to object to a reference to Kitt's race in the prosecution's closing argument. Kitt also argues that his court-appointed appellate counsel was ineffective for filing a four-page, pro forma brief. Because Kitt has failed to show how any of his appointed trial counsel's actions prejudiced him or how any of his appointed counsel's actions on direct appeal were so deficient that they fell below the objective standard of reasonableness, we affirm.

I.

On January 11, 1988, Kitt's state court trial for theft by unlawfully taking property in excess of $1,000 began. At the end of the day, both parties rested, and agreed to jury instructions and verdict forms. Since neither the prosecutor nor Kitt's attorney requested that the jury voir dire examination, opening statements and closing arguments be recorded, the trial record consists only of the pretrial motions, witness testimony and evidence submitted during trial. The jury began deliberating on that same day. Sometime that evening, the judge entered the jury deliberation room and told the jurors they could go home for the night and that they should report back the following day to continue their deliberation. The following day the jury returned a guilty verdict. Kitt appealed his conviction, and the court appointed a different attorney to handle the appeal. Kitt's new attorney filed a four-page brief arguing that there was insufficient evidence to support the conviction. Kitt also filed two pro se briefs raising twenty-four additional issues. The appellate court affirmed Kitt's conviction.

While Kitt's direct appeal was pending, Kitt filed a motion to vacate and set aside his conviction pursuant to a Nebraska postconviction procedure statute. *See* Neb. Rev.Stat. § 29–3001 *et seq.* (Reissue 1988). This motion was dismissed for lack of jurisdiction. Kitt then petitioned for state habeas corpus relief. The state court dismissed this petition on the ground that Kitt failed to "state facts which constitute illegal restraint." The Nebraska Supreme Court summarily affirmed the dismissal.

Kitt next filed a petition for habeas corpus relief in federal district court claiming, inter alia, ineffective assistance of trial and

---

* The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

appellate counsel on appeal,[2] prosecutorial misconduct, and judicial misconduct. The petition was referred to a magistrate judge,[3] who granted Kitt's motion for appointment of counsel. Kitt's counsel amended the petition, to claim that trial counsel had been ineffective in failing to inform Kitt of his right to have the jury sequestered; failing to object to the trial court's decision to allow the jury to separate for the night without Kitt's consent; and failing to object to improper contact between the trial judge and the jury after deliberations had commenced. Counsel requested an evidentiary hearing on the ineffective assistance, prosecutorial misconduct, and judicial misconduct claims. Counsel also sought to expand the record to include three affidavits from jurors concerning the ex parte contact between the jury and the trial judge. The magistrate judge denied both of these requests and recommended denying the petition. The district court adopted his recommendation, and this appeal followed.

## II.

On appeal, Kitt raises only the ineffective assistance of counsel claim. He contends that his trial counsel was ineffective in failing to request that the voir dire examination, opening statements and closing arguments be recorded; failing to object to the trial judge's ex parte meeting with the jury after deliberations had begun; failing to object to misstatements of the evidence and inflammatory statements by the prosecutor during closing arguments; and failing to object to the separation of the jury after deliberations had be-

gun. Kitt also contends that his appellate counsel on direct appeal was ineffective because he filed a four-page, pro forma brief that only addressed the sufficiency of the evidence. To sustain either claim of ineffective assistance of counsel, Kitt must show (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bolder v. Armontrout*, 921 F.2d 1359, 1362 (8th Cir.1990). This standard applies to trial and appellate counsel ineffectiveness claims.[4]

### A.  Ineffectiveness of Trial Counsel

The strongest argument supporting Kitt's ineffectiveness claim involves the trial judge's ex parte communication with the jury in which he told them to go home for the night. Nebraska law requires juries in criminal cases to be sequestered during deliberations until a verdict is reached. Neb.Rev.Stat. § 29–2022 (Reissue 1989). The Nebraska Supreme Court has held that the right to sequestration may only be waived by express agreement of counsel for both sides. *State v. Robbins*, 205 Neb. 226, 287 N.W.2d 55, 58 (1980). It also held that violation of this statutory right is reversible error and creates a presumption of prejudice with respect to the issue of improper communication during the jury separation. The prosecution has the burden of rebutting this presumption. *Id.* The judge at Kitt's trial did not obtain the consent of either party before he entered the jury deliberation room and dismissed the jury for the evening. Therefore, had Kitt's

---

2. Contrary to the government's assertion, Kitt *did* raise the issue of ineffective assistance of appellate counsel in his petition for federal habeas corpus relief and therefore this court has jurisdiction to hear the claim.

3. The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

4. The Constitution guarantees a criminal defendant the effective assistance of counsel at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1984). This guarantee does not extend to representation in postconviction proceedings other than the direct appeal. This circuit has recog-

nized that ineffective assistance of counsel in postconviction proceedings may be used to overcome a procedural bar to hearing a claim in federal court. *See Simmons v. Lockhart*, 915 F.2d 372, 376 (8th Cir.1990). *But see Coleman v. Thompson*, 895 F.2d 139, 144 (4th Cir.) (ineffective assistance of postconviction counsel does not provide cause to overcome procedural bar), *cert. granted in part*, — U.S. —, 111 S.Ct. 340, 112 L.Ed.2d 305 (1990). However, such an issue is not before us in this case since Kitt claims ineffective assistance of appellate counsel on his direct appeal.

counsel objected to the jury separation, the error would have been preserved and the state would have had the burden of rebutting the presumptive prejudice caused by the separation.

■■■ Assuming, without deciding, that counsel's failure to object constitutes deficient performance under the first part of the *Strickland* test, we must then decide whether this mistake prejudiced Kitt's defense. This part of the *Strickland* test is not satisfied by the presumptive prejudice created by a violation of § 29–2022. In *Robbins*, the Nebraska Supreme Court noted that the purpose of § 29–2022 was to "prevent improper contacts or communications with or by jurors after submission of a criminal case." *Robbins*, 287 N.W.2d at 58. Consequently, a violation of the statute will not, by itself, justify reversal of a conviction. *Id.* at 59. The rebuttable presumption of prejudice created by a violation of § 29–2022 is distinct from the *Strickland* prejudice. While the use of "prejudice" in § 29–2022 analysis may create some confusion, § 29–2022 prejudice does not alter the prejudice analysis required by *Strickland*. Under *Strickland*, Kitt has the burden of showing how his defense was prejudiced by his counsel's deficient performance. In this case, *Strickland* places the burden on Kitt to show that he would have prevailed on appeal because the state could not have overcome the rebuttable presumption of prejudice on the improper communication issue. Since there is no evidence on this issue, Kitt did not meet his burden, and his ineffectiveness claim fails.

The Ninth Circuit came to the same conclusion in *Powell v. Spalding*, 679 F.2d 163 (9th Cir.1982). In *Powell*, a trial judge permitted a jury to separate for the night and reconvene the following day without obtaining the express consent of the defendant as required by the state jury nonseparation statute.[5] The defendant filed a federal habeas petition claiming, inter alia, that the violation of the statute violated his due process right to a fair trial and that he received ineffective assistance of counsel. In dismissing the due process claim, the Ninth Circuit held that, even though there was a state statutory right to consent, the failure to obtain the defendant's consent did not prejudice the defendant. The Ninth Circuit also rejected all of the ineffectiveness claims, including the jury separation claim. *Powell*, 679 F.2d at 166–67.

■ Kitt also argues that his counsel was ineffective because he failed to record voir dire examination, opening statements and closing arguments. Even assuming that this omission constituted deficient performance,[6] Kitt has failed to meet his burden of showing how this deficiency prejudiced his defense. Even if we assume all of Kitt's factual allegations are true, none of these alleged facts constitute error. Therefore, if there is no error, there can be no prejudice.

■ Finally, Kitt argues that his trial counsel was ineffective because he failed to object to inflammatory and misleading statements made by the prosecution during closing arguments and to object to the judge's ex parte contact with the jury. Both of these claims are without merit and were properly dismissed by the magistrate judge.

Therefore, Kitt's claim that he received ineffective assistance of counsel at trial fails.

### B. Ineffectiveness of Appellate Counsel

■■■ Kitt also claims that he received ineffective assistance of counsel on direct appeal because his appointed appellate counsel failed to raise the issues of the improper jury separation and ineffective assistance of trial counsel. We review these claims under the *Strickland* stan-

---

5. The judge did obtain consent from the defendant's attorney, but the Washington statute requires the consent of the defendant. Since the defendant was not present at that time, the situation is equivalent to that presented here.

6. In *Otey v. Grammer*, 859 F.2d 575 (8th Cir. 1988), this court noted that it is customary practice for the district court not to record voir dire, opening statements and closing arguments in Douglas County, Nebraska. *Id.* at 580. Kitt's trial also took place in the state district court in Douglas County, Nebraska.

dard. *See Henderson v. Sargent,* 926 F.2d 706 (8th Cir.1991). Since we have already rejected Kitt's claim of ineffectiveness of trial counsel on the jury separation issue, we need not engage in extensive analysis on this derivative claim. Given that the jury separation issue was not preserved in the record, appellate counsel's failure to raise the issue cannot be considered deficient performance. The appellate counsel cannot be blamed for an error of the trial counsel. Finally, since all of Kitt's claims of ineffective assistance at the trial level are without merit, appellate counsel's failure to raise these arguments on appeal was probably not deficient performance and therefore could not have prejudiced Kitt. *See Meyer v. Sargent,* 854 F.2d 1110, 1115–16 (8th Cir.1988) (no prejudice when appellate counsel does not raise meritless issues on appeal). Furthermore, Kitt raised the issue of trial counsel's effectiveness in his pro se supplemental briefs on direct appeal. Therefore, appellate counsel's refusal to raise the issue did not result in loss of appellate review and certainly did not constitute ineffective assistance of counsel.

### III.

For the foregoing reasons, the district court's denial of Kitt's petition for habeas corpus relief is affirmed.