State of Nebraska, appellee, v.
Terry J. Sellers, appellant.
___ N.W.2d ___

Filed February 6, 2015.    No. S-13-1049.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from post-conviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.

3. **Appeal and Error.** An appellate court does not consider errors which are argued but not assigned.

4. **Effectiveness of Counsel.** A pro se party is held to the same standards as one who is represented by counsel.

5. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. A court may address the two prongs of this test, deficient performance and prejudice, in either order.

6. **Postconviction: Appeal and Error.** A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal.

7. **Postconviction: Effectiveness of Counsel: Appeal and Error.** A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review.

8. **Effectiveness of Counsel: Appeal and Error.** When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. That is, courts begin by assessing the strength of the claim appellate counsel failed to raise.

9. ____: ____. Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.

10. \_\_\_\_: \_\_\_\_. When a case presents layered ineffectiveness claims, an appellate court determines the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim.

11. **Postconviction: Effectiveness of Counsel: Proof.** A petitioner's postconviction claims that his or her trial counsel was ineffective in failing to investigate possible defenses are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case.

12. **Postconviction: Appeal and Error.** In a postconviction motion, an appellate court will not consider as an assignment of error a claim that was not presented to the district court.

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Affirmed.

Terry J. Sellers, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

Heavican, C.J., Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

# I. INTRODUCTION

This appeal follows the denial, without an evidentiary hearing, of Terry J. Sellers' motion for postconviction relief. With one exception, our analysis breaks no new ground. Sellers asserted a claim that the separation of the jury without his consent created a rebuttable presumption of prejudice which entitled him to an evidentiary hearing. But we conclude that this type of presumed prejudice is not the kind of prejudice necessary to establish a claim of ineffective assistance of counsel. We affirm.

# II. BACKGROUND

Sellers was convicted by a jury of two counts of first degree murder, one count of attempted first degree murder, and three counts of use of a deadly weapon to commit a felony. Sellers was represented by counsel at trial and was provided with

different counsel on direct appeal, where we affirmed his convictions and sentences.[1] The facts surrounding Sellers' convictions are contained in *State v. Sellers*[2] and are not repeated herein, except as otherwise indicated.

Over the course of 4 days in late February 2005, Sellers and Taiana Matheny engaged in a scheme whereby Matheny would lure men to secluded locations so that she and Sellers could rob and murder them. Sellers and Matheny successfully robbed and shot to death two men and robbed and unsuccessfully attempted to murder another. Sellers was sentenced to life imprisonment for each of the murder convictions, 40 to 50 years' imprisonment for the attempted murder conviction, and varying terms of imprisonment for the use of a deadly weapon convictions.

In April 2011, Sellers moved for postconviction relief. His motion raised seven principal claims:

• His appellate counsel was ineffective in failing to raise, on direct appeal, the failure of his trial counsel to conduct a reasonable pretrial investigation.
• His appellate counsel was ineffective in failing to raise, on direct appeal, the failure of his trial counsel to assert *Miranda*[3] violations.
• His appellate counsel was ineffective in failing to raise, on direct appeal, the failure of his trial counsel to assert a violation of his speedy trial right.
• His appellate counsel was ineffective in arguing significantly weaker issues on direct appeal.
• His trial counsel was ineffective in failing to object to jury instructions Nos. 22 and 24.
• His trial counsel was ineffective in failing to make a *Batson*[4] challenge during the selection of the jury.

---

[1] See *State v. Sellers*, 279 Neb. 220, 777 N.W.2d 779 (2010).

[2] *Id*.

[3] See *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[4] See *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

• Because of his actual innocence, his convictions were a fundamental miscarriage of justice.

In addition to the above seven claims, Sellers made numerous allegations concerning the performance of his trial counsel. Among these allegations, Sellers asserted that his trial counsel was ineffective in:

• failing to call important witnesses;
• failing to investigate the "cross section" jury requirement;
• failing to suppress illegally obtained statements and confessions;
• failing to object to evidence that limited Sellers' ability to present a defense;
• failing to argue and present mitigating evidence, including expert testimony, at sentencing;
• failing to object to the State's presentence investigation report; and
• failing to present "the Constitutionality of the statute" and specific aggravating circumstances at sentencing.

However, these allegations were not clearly stated as independent claims of ineffective assistance of trial counsel, or as the basis for appellate counsel's ineffectiveness in failing to raise them on direct appeal. As explained in more detail below, because Sellers had been provided with new counsel for his direct appeal, the district court decided to treat each allegation as a claim of ineffective assistance of appellate counsel.

Sellers supplemented his motion with a subsequent filing in December 2011, raising two additional claims. First, Sellers alleged that his appellate counsel was ineffective in failing to raise, on direct appeal, the failure of his trial counsel to object to the separation of the jury without Sellers' consent. And Sellers further alleged that his trial counsel was ineffective in failing to inform Sellers that such consent was required. Second, Sellers asserted that the trial court should have instructed the jury on the premeditated murder theory of first degree murder and its lesser-included offenses.

The district court denied postconviction relief without an evidentiary hearing. The court concluded that all of Sellers' claims of ineffective assistance of counsel failed to include a single fact or allegation establishing prejudice. Rather, Sellers'

allegations consisted solely of conclusory statements to the effect that the outcome of his trial and direct appeal would have been different but for the ineffectiveness of his counsel. And he failed to identify any specific witness, statement, violation, or evidence forming the basis for his claims.

As to Sellers' claims regarding instructions Nos. 22 and 24, the district court observed that this court analyzed the instructions in Sellers' direct appeal. In his direct appeal, Sellers alleged both that the trial court erred in giving instructions Nos. 22 and 24, and that his trial counsel was ineffective in failing to object to them. We determined that the record was insufficient to address the performance of Sellers' trial counsel. But we concluded that the instructions were not plainly erroneous. Based upon this conclusion, the district court determined that Sellers' trial counsel was not ineffective in failing to object.

The district court similarly found no basis for Sellers' claim of actual innocence or a fundamental miscarriage of justice. The court observed that Sellers failed to identify any new exculpatory evidence or any constitutional deprivation in violation of the Nebraska or federal Constitution. And the court also found no merit to the claims raised in Sellers' supplemental motion. Sellers' claim regarding the failure of the trial court to instruct the jury on the premeditated murder theory of first degree murder was procedurally barred. And Sellers failed to allege any prejudice resulting from his trial counsel's failure to object to the jury's separation.

Sellers filed a timely notice of appeal from the denial of postconviction relief.

### III. ASSIGNMENTS OF ERROR

Sellers assigns, restated and reordered, that the district court erred in denying postconviction relief, because his appellate counsel was ineffective in failing to raise, on direct appeal, (1) trial counsel's failure to object to the separation of the jury without Sellers' consent, and the corresponding failure to inform Sellers that such consent was required; (2) trial counsel's failure to conduct a reasonable pretrial investigation; (3) trial counsel's failure to object to instructions Nos. 22 and

24; and (4) trial counsel's failure to request that the jury be instructed on the premeditated murder theory of first degree murder and its lesser-included offenses.

## IV. STANDARD OF REVIEW

[1,2] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[5] An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution.[6] However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.[7]

## V. ANALYSIS

[3,4] We first dispose of a preliminary issue. The arguments made in Sellers' brief are not limited to his assignments of error, but extend to many of the claims raised in his postconviction motion. Among others, he makes assertions regarding actual innocence, the composition of the jury, and alleged violations of his *Miranda* rights and speedy trial right. However, an appellate court does not consider errors which are argued but not assigned.[8] We acknowledge that Sellers filed his brief pro se. But a pro se party is held to the same standards as one who is represented by counsel.[9] We restrict our analysis to Sellers' assignments of error.

[5] We next review governing principles of law regarding a claim of ineffective assistance of counsel. To establish a

---

[5] *State v. Armendariz*, 289 Neb. 896, ___ N.W.2d ___ (2015).

[6] *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

[7] *Id*.

[8] *State v. Duncan*, 278 Neb. 1006, 775 N.W.2d 922 (2009).

[9] See *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994).

right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, under *Strickland v. Washington*,[10] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.[11] Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[12] To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[13] A court may address the two prongs of this test, deficient performance and prejudice, in either order.[14]

[6] However, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal.[15] As noted above, Sellers was represented by new counsel in his direct appeal. He was therefore required to assert, on direct appeal, any alleged deficiencies in trial counsel's performance known to him or apparent from the record in order to preserve them for postconviction review.[16]

Sellers raised only one claim of ineffective assistance of trial counsel on direct appeal, relating to his trial counsel's failure to object to instructions Nos. 22 and 24. But Sellers' postconviction motion made numerous allegations concerning the performance of his trial counsel. Thus, the majority of Sellers' claims of ineffective assistance of trial counsel were potentially barred from postconviction review. However, the ineffective assistance claims raised in Sellers' motion were presented in a very confusing manner, making it difficult to distinguish

---

[10] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[11] See *Duncan, supra* note 8.

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] See *Hessler, supra* note 6.

[16] See *State v. Thomas*, 278 Neb. 248, 769 N.W.2d 357 (2009).

between claims of ineffective assistance of trial and appellate counsel. Consequently, the district court decided to treat each ineffective assistance claim as a claim of ineffective assistance of appellate counsel. We will do likewise.

[7-10] This postconviction proceeding was Sellers' first opportunity to assert that his appellate counsel was ineffective. A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review.[17] When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant.[18] That is, courts begin by assessing the strength of the claim appellate counsel failed to raise.[19] Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal.[20] When a case presents layered ineffectiveness claims, we determine the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland* test.[21] If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim.[22]

We now turn to Sellers' specific allegations of ineffective assistance of appellate counsel. And we begin with the primary issue presented by this appeal—whether the separation of the jury without Sellers' consent created a presumption of prejudice which entitled him to an evidentiary hearing.

## 1. Separation of Jury

Sellers assigns that his appellate counsel was ineffective in failing to raise, on direct appeal, the failure of his trial counsel

---

[17] *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005).

[18] *State v. Davlin*, 277 Neb. 972, 766 N.W.2d 370 (2009).

[19] *Id.*

[20] *Id.*

[21] See *id.*

[22] *Id.*

to object to the jury's separation without Sellers' consent. He further alleges that his trial counsel was ineffective in failing to advise him that such consent was required.

Nebraska law provides that in a criminal case, "[w]hen a case is finally submitted to the jury, they must be kept together in some convenient place, under the charge of an officer, until they agree upon a verdict or are discharged by the court."[23] Although this provision can be waived by agreement of the defendant and the State, it is otherwise mandatory.[24]

Sellers asserts that he was entitled to an evidentiary hearing on this claim, because the separation of the jury without his consent created a rebuttable presumption of prejudice. He cites to our holding in *State v. Robbins*[25] that in the absence of an express agreement or consent by the defendant, the failure to comply with § 29-2022 creates a rebuttable presumption of prejudice and places the burden upon the prosecution to show that no injury resulted.

We first note that in *State v. Collins*,[26] we overruled the holding of *Robbins* that a defendant's express agreement or consent is required to waive the right under § 29-2022 to sequester the jury. But our ruling in *Collins* was prospective only.[27] Sellers was tried before *Collins* was decided, and the case at bar is governed by the rule from *Robbins*.

Sellers misconstrues the applicability of the presumption of prejudice of *Robbins* to this postconviction proceeding. In applying *Robbins* to a petitioner's claim of ineffective assistance of counsel in a habeas proceeding, the U.S. Court of Appeals for the Eighth Circuit observed that the presumption of prejudice created by a violation of § 29-2022 is distinct from *Strickland* prejudice.[28] A violation of the statute will not,

---

[23] Neb. Rev. Stat. § 29-2022 (Reissue 2008). See *State v. Barranco*, 278 Neb. 165, 769 N.W.2d 343 (2009).

[24] *Barranco, supra* note 23.

[25] *State v. Robbins*, 205 Neb. 226, 287 N.W.2d 55 (1980), *overruled, State v. Collins*, 281 Neb. 927, 799 N.W.2d 693 (2011).

[26] *Collins, supra* note 25.

[27] See *State v. Foster*, 286 Neb. 826, 839 N.W.2d 783 (2013).

[28] See *Kitt v. Clarke*, 931 F.2d 1246 (8th Cir. 1991).

by itself, justify reversal of a conviction.[29] Thus, § 29-2022 prejudice does not alter the prejudice analysis required by *Strickland*.[30] Under *Strickland*, a defendant has the burden to show that he would have prevailed on appeal because the State could not have overcome the rebuttable presumption of prejudice created by the violation of § 29-2022.[31]

We agree with the conclusion reached by the Eighth Circuit and adopt its reasoning. A defendant requesting postconviction relief must establish the basis for such relief.[32] In order to establish the prejudice prong of the *Strickland* test, Sellers was required to allege sufficient facts to show that he would have prevailed on appeal because the State could not have overcome the rebuttable presumption of prejudice created by the violation of § 29-2022. But Sellers alleged only that his trial counsel did not inform him of the requirement for his consent. He failed to allege any facts as to the State's ability to overcome the presumption. Consequently, Sellers' allegations were insufficient to show that his appellate counsel was ineffective in failing to raise the issue on direct appeal. We find no error in the denial of postconviction relief on this claim without an evidentiary hearing.

## 2. Reasonable Pretrial Investigation

Sellers asserts that his appellate counsel was ineffective in failing to raise, on direct appeal, the failure of his trial counsel to conduct a reasonable pretrial investigation. In his postconviction motion, he identified several activities that his trial counsel failed to undertake. These activities included filing a motion for discovery, hiring an independent investigator, reviewing the crime scene, consulting with a ballistics expert, and identifying and interviewing potential witnesses.

However, Sellers failed to allege how undertaking the above activities would have produced a different outcome at trial. More specifically, he did not identify any exculpatory evidence

---

[29] See *id*.

[30] *See id*.

[31] See *id*.

[32] See *Hessler, supra* note 6.

that the activities would have procured. As the district court observed, his allegations consisted solely of conclusory statements, such as, "'[I]f trial and/or appellate counsel would have investigated and hired an investigator to fully investigate the case at bar, there surely would have been a different outcome in [Sellers'] trial.'"

[11] Such conclusory allegations are insufficient to establish the prejudice prong of the *Strickland* test. We have previously observed that a petitioner's postconviction claims that his or her trial counsel was ineffective in failing to investigate possible defenses are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case.[33] And in assessing postconviction claims that trial counsel was ineffective in failing to call a particular witness, we have upheld dismissal without an evidentiary hearing where the motion did not include specific allegations regarding the testimony which the witness would have given if called.[34]

There is nothing in Sellers' motion that would suggest the nature of the exculpatory evidence which his trial counsel would have obtained through the above activities. And his motion neither identified a single witness that was not called to testify nor described the testimony that the witness would have given. As such, Sellers' allegations were insufficient to show that his appellate counsel was ineffective in failing to raise this issue on direct appeal. "If defendant does not choose to specify what [he] is claiming, a trial court need not conduct a discovery hearing to determine if anywhere in this wide world there is some evidence favorable to defendant's position."[35]

---

[33] See *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

[34] See, *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010); *Davlin, supra* note 18.

[35] *State v. Threet*, 231 Neb. 809, 813, 438 N.W.2d 746, 749 (1989), *disapproved on other grounds, State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004).

The district court correctly concluded that this claim did not entitle Sellers to postconviction relief.

### 3. Instructions Nos. 22 and 24

Sellers assigns that his appellate counsel was ineffective in failing to raise, on direct appeal, the failure of his trial counsel to object to jury instructions Nos. 22 and 24. However, as noted above, Sellers' appellate counsel raised and argued this issue on direct appeal, but we determined that the record was insufficient to resolve the issue of trial counsel's performance.

Thus, it appears that Sellers assigns that his appellate counsel was ineffective in failing to take an action which his appellate counsel did in fact undertake. But in his postconviction motion, Sellers correctly identified this claim as one of ineffective assistance of trial counsel. Given the district court's decision to treat each ineffective assistance claim raised in Sellers' motion as a claim of ineffective assistance of appellate counsel, we overlook the wording of the assigned error and proceed to the merits.

### (a) Instruction No. 22

Instruction No. 22 provided:

> There has been testimony from Taiana Matheny, a claimed accomplice of the Defendant. You should closely examine her testimony for any possible motive she might have to testify falsely. You should hesitate to convict the Defendant if you decide that Taiana Matheny testified falsely about an important matter and that there is no other evidence to support her testimony.

In his postconviction motion, Sellers alleged that instruction No. 22 created an improper presumption that Matheny was his accomplice. Thus, he claimed that the instruction negated his defense that Matheny was the principal architect of the crimes. Finally, he asserted that the instruction was erroneous because it omitted a sentence from the pattern jury instruction that "[the jury] should convict the defendant only

if the evidence satisfies [the jury] beyond a reasonable doubt of (his, her) guilt."[36]

However, Sellers' allegations were insufficient to establish a right to postconviction relief. The allegations in his postconviction motion were identical to the assertions we rejected in Sellers' direct appeal. We concluded that no improper presumption was created by instruction No. 22, because the instruction "provide[d] in plain English that Matheny was a 'claimed accomplice'—nothing more, nothing less."[37] And although the instruction deviated from the pattern jury instruction, the instructions as a whole charged the jury that the State was required to prove each and every element of the offense charged beyond a reasonable doubt.

Sellers' motion failed to establish any prejudice from his trial counsel's failure to object to instruction No. 22. As we observed on direct appeal, instruction No. 22 was a cautionary instruction in Sellers' favor regarding the weight to be given to Matheny's testimony. We find no error in the denial of postconviction relief on this claim.

### (b) Instruction No. 24

Instruction No. 24 provided: "Evidence of marijuana and money located at [Jeremiah Brodie's residence in] Omaha, Nebraska, was received only for the limited purpose of the credibility of DaWayne Kearney and for no other purpose. You may consider this evidence only for the limited purpose and for no other."

DaWayne Kearney was one of Sellers' victims—he was robbed, but escaped before he could be killed. After numerous unsuccessful attempts were made to serve Kearney with a subpoena to testify, Kearney was arrested at the home of Jeremiah Brodie. During the arrest and a subsequent search of Brodie's residence, police officers found handguns, ammunition, marijuana, and cash. Kearney was not charged with any offense, because police did not believe there was any evidence against

---

[36] See NJI2d Crim. 5.6.

[37] *Sellers, supra* note 1, 279 Neb. at 230, 777 N.W.2d at 788.

him. Another individual admitted that the handguns belonged to her, and there was no evidence that Kearney was in possession of the guns or the marijuana.

On direct appeal, Sellers alleged that instruction No. 24 negated the inference that Kearney was a drug dealer. And this inference was consistent with Sellers' testimony that he met with Kearney to buy marijuana, not to rob and kill him. But we concluded that the instruction did not foreclose Sellers' ability to argue that Kearney was a drug dealer. Sellers was permitted to question Kearney about the drugs and money found at Brodie's residence and any agreement Kearney had made with the State. The instruction did not prevent the jury from considering Sellers' version of the confrontation with Kearney.

Sellers' postconviction motion again made the same allegations that he made on direct appeal. And these allegations failed to establish any prejudice resulting from his trial counsel's failure to object to the instruction. Instruction No. 24 did not inhibit Sellers from asserting a claim of self-defense, and the jury was given two instructions on that theory. We agree that Sellers failed to establish a right to postconviction relief on this claim.

## 4. Premeditated Murder
### Theory Instruction

[12] Sellers assigns that his appellate counsel was ineffective in failing to raise, on direct appeal, the failure of his trial counsel to request an instruction on the premeditated murder theory of first degree murder and its lesser-included offenses. However, this claim was not presented to the district court. In his supplemental motion, Sellers alleged that the trial court erred in instructing the jury. He did not assert a claim of ineffective assistance of counsel. We therefore decline to review this assignment of error. In a postconviction motion, an appellate court will not consider as an assignment of error a claim that was not presented to the district court.[38]

---

[38] *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

## VI. CONCLUSION

We find no merit to Sellers' assigned errors. His assertions of ineffective assistance of trial and appellate counsel failed to establish any prejudice resulting from the alleged deficiencies of his counsel. And his claim of instructional error regarding the premeditated murder theory of first degree murder was not presented as a claim of ineffective assistance of counsel before the district court. We affirm the denial of postconviction relief without an evidentiary hearing.

Affirmed.

Wright, J., participating on briefs.

————————————

Abigail K. Despain, appellee, v.
William E. Despain, appellant.

___ N.W.2d ___

Filed February 6, 2015.     No. S-13-1133.

1. **Judgments: Appeal and Error.** An appellate court determines jurisdictional questions that do not involve a factual dispute as a matter of law.
2. **New Trial: Appeal and Error.** Regarding motions for new trial, an appellate court will uphold a trial court's ruling on such a motion absent an abuse of discretion.
3. **Divorce: Property Division: Appeal and Error.** In actions for the dissolution of marriage, the division of property is a matter entrusted to the discretion of the trial judge, whose decision will be reviewed de novo on the record and will be affirmed in the absence of an abuse of discretion.
4. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
5. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
6. **Jurisdiction: Time: Notice: Appeal and Error.** To vest an appellate court with jurisdiction, a party must timely file a notice of appeal.
7. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and interpretation will not be used to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
8. **Divorce: Property Division.** Under Neb. Rev. Stat. § 42-365 (Reissue 2008), the equitable division of property is a three-step process. The first step is to classify the parties' property as marital or nonmarital, setting aside the nonmarital